UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GUARDIAN ANGEL HOSPICE,<br><br>       Plaintiff,<br>vs.<br><br>ROBERT KENNEDY, JR., Secretary<br>Health and Human Services<br><br>       Defendant.<br><br><br>Departmental Appeals Board<br>Docket No. M-25-139<br><br>OMHA Appeal Nos.   3-13724979421<br>                              3-13724979671<br>                              3-13725018816<br>                              3-13725018963<br>                              3-13725019140<br>                              3-13725062482<br>                              3-13725061874 | CIVIL NO: 1:25-cv-01800 |

### COMPLAINT FOR JUDICIAL REVIEW

Plaintiff, Guardian Angel Hospice, by counsel, brings this Complaint against the Defendant, Robert Kennedy Jr., in his official capacity as Secretary of the United States Department of Health and Human Services ("HHS"), to appeal the Departmental Appeals Board dismissal of its appeals. In support of its complaint, Plaintiff states:

### INTRODUCTION

1.   This is an action for judicial review of the Medicare Appeals Council's ("MAC") improper dismissal of Plaintiff's appeals for Departmental Appeals Board ("DAB") Docket No. M-25-139, Office of Medicare Appeal Numbers 3-13724979421, 3-13724979671, 3-13725018816, 3-13725018963, 3-13725019140, 3-13725062482, 3-13725061874. Plaintiff

1

asserts the MAC's dismissal of Plaintiff's appeals violated the law, was an abuse of discretion, and was an arbitrary and capricious application of the law.

## PARTIES

2. Guardian Angel Hospice is a hospice provider located in Kokomo, Indiana. At all times relevant to this action, it was qualified as a Medicare-participating hospice provider as established in the Medicare Act.

3. Defendant is the Secretary of HHS. The Secretary, as the federal official responsible for the administration of the Medicare program, has delegated that responsibility to CMS. *See* 76 Fed. Reg. 13618 (Mar. 14, 2011).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon the District Court by 42 U.S.C. § 405.1136 to review a decision of the Defendant.

5. Venue lies in this judicial district under 42 U.S.C. § 405.1136 and 28 U.S.C. § 1391.

## STATEMENT OF THE CASE

6. This case involves Plaintiff's request for review of seven unfavorable decisions issued by an Administrative Law Judge ("ALJ"). These ALJ decisions were issued on July 25, 2024, July 26, 2024, and July 31, 2024. However, the Office of Medicare Hearings and Appeals ("OMHA") did not successfully send the ALJ decisions to Plaintiff and Plaintiff's counsel until August 20, 2024. The ALJ's staff explained that the decisions were timely mailed to Plaintiff's counsel, but were returned to OMHA due to a missing portion of Plaintiff's counsel's mailing address on the decisions. *See* Exhibit 1. Counsel's address was correct on the Appointment of Representation form filed with the request for hearing. The ALJ's staff faxed the unfavorable ALJ

decisions to counsel on August 20, 2024 and counsel confirmed receipt of the decisions on that day. *See* Exhibit 2.

7. A request for review of the ALJ's decisions must be filed within 60 calendar days after *receipt* of the ALJ's decision or dismissal. 42 C.F.R. § 405.1102(a)(1) (emphasis added). 42 C.F.R. § 405.1102(a)(2) provides "the date of receipt of the ALJ's or attorney adjudicator's decision or dismissal is presumed to be 5 calendar days after the date of the notice of the decision or dismissal, unless there is evidence to the contrary." The MAC uses the criteria found at 42 C.F.R. § 405.942 to determine if good cause exists for untimely filing. *See* 42 C.F.R. § 405.1102(b)(3).

8. Plaintiff filed its request for review of the seven ALJ decisions on October 8, 2024, 49 days after receipt of the ALJ's unfavorable decisions.

9. Plaintiff asserts it timely filed its Requests for Review of the ALJ decisions within 60 days of *receipt* of the decisions on August 20, 2024. To support its contentions, the Plaintiff filed a supplemental argument with the MAC December 23, 2024 in which it further explained that based on the date the Plaintiff received the decisions, the Requests for Review were timely filed. *See* Exhibit 3

10. Despite the evidence demonstrating that Plaintiff timely filed its Request for Review within 60 days after receipt of the ALJ's decisions, the MAC dismissed the Plaintiff's Requests for Review on July 10, 2025.

## BASES FOR APPEAL

### Count 1: Judicial Review Under the Administrative Procedures Act and the Medicare Act

11. The MAC's dismissal of Plaintiff's Request for Review is final agency action that is subject to judicial review under the applicable provisions of the Administrative Procedures Act

3

("APA"). Under the APA, the reviewing court shall set aside the final agency decision if, *inter alia*, it is contrary to law, arbitrary and capricious, an abuse of discretion, or unsupported by substantial evidence in the record. 5 U.S.C. § 706.

12. Here, the MAC's dismissal violates the tenants of the APA. 42 C.F.R. § 405.1102(a)(1) states that a party to a decision issued by an ALJ may request Council review if the party files a written request within 60 calendar days after receipt of the ALJ's decision. The date of receipt of a decision is "presumed to be 5 calendar days after the date of the notice of the decision or dismissal, unless there is evidence to the contrary" 42 C.F.R. § 405.1102(a)(2). Here, Plaintiff provided the MAC the requisite "evidence to the contrary" demonstrating that the ALJ's decisions were not received until August 20, 2024.

13. Plaintiff further requested the MAC extend the time for filing a request for Council review as allowed by 42 C.F.R. § 405.1102(b), which provides:

> A party requesting a review may ask that the time for filing a request for Council review be extended if—
>
> (1) The request for an extension of time is in writing;
>
> (2) It is filed with the Council; and
>
> (3) It explains why the request for review was not filed within the stated time period. If the Council finds that there is good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, the Council uses the standards outlined at § 405.942(b)(2) and (3)

14. The regulation states the MAC must consider the circumstances that kept the party from making the request on time. 42 C.F.R. § 405.942(b)(2)(i). The regulation also lists examples of circumstances when good cause may be found to exist at 42 C.F.R. § 405.942(b)(3).

4

"The party did not receive notice of the determination or decision" is specifically enumerated as a circumstance where good cause for untimely filing may exist.

15. The MAC's dismissal notes that Plaintiff did not request an extension of time for filing or address the potentially untimely filing with its original Requests for Review filed with the MAC on October 8, 2024, but rather raised the issue in supplemental arguments filed with the MAC on May 23, 2025. The Provider filed its complete briefing with the MAC on May 23, 2025 (*see* Exhibit 4), five months after requesting the MAC consider the request for review as timely filed given the delay in receipt of the decisions as demonstrated Exhibits 1, 2 and 3. Regardless, the regulation does not state that a party seeking an extension of time for Council review file that request contemporaneously with its request for review. *See* 42 C.F.R § 405.1102(a)-(b).

16. The MAC's decision to dismiss Plaintiff's Requests for Review cannot stand because Provider demonstrated it timely requested review of the ALJ's decisions within the requisite timeframe after receipt of the decisions. The regulation specifically states that parties who fail to receive a decision have good cause for untimely filing and the MAC failed to consider the evidence presented by Plaintiff. The MAC's failure to review the circumstances and evidence supporting Plaintiff's Requests for Review was contrary to law, arbitrary and capricious and an abuse of discretion.

THEREFORE, the Plaintiff respectfully requests that this Court:

1. Issue an order reversing the MAC's dismissal of Plaintiff's appeals and compelling the MAC to issue a determination on the merits of Plaintiff's Request for Review.

2. Grant and order any further relief as the Court deems just and proper.

Respectfully submitted this 10th day of September, 2025.

                                      **HALL RENDER KILLIAN HEATH & LYMAN, P.C.**

                        By:  */s/ Kathryn M. Daggett*
                                **Kathryn M. Daggett,** Attorney No. 38169-49
                                **Sarah M. Crosby**, Attorney No. 32714-49
                                500 N. Meridian Street, Suite 400
                                Indianapolis, IN 46204-1293
                                Ph: (317) 977-1420; (317) 429-3663
                                Fax: (317) 633-4878
                                Email: kdaggett@hallrender.com;
                                scrosby@hallrender.com